GHLALMOUS McCARTY, APPELLEE, V. LINCOLN TRACTION COMPANY, APPELLANT.

FILED JUNE 8, 1906. No. 14,368.

Trial: QUESTION FOR JURY. When a given state of facts is such that reasonable men may fairly differ upon the question as to whether or not there was negligence, the determination of the matter is for the jury.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Clark & Allen,* for appellant.

*Rose & Comstock, contra.*

EPPERSON, C.

The only question presented for our consideration is the sufficiency of the evidence to support the verdict. The action was to recover damages for a personal injury sustained by the plaintiff alleged to have been inflicted through the negligence of the defendant's employees. The injury occurred while the plaintiff was in the act of alighting from one of the defendant's street cars upon which he was a passenger. The evidence shows that the plaintiff and another passenger, Hawkins, who was plaintiff's traveling companion, were at the time of the accident engaged in a business mission, and desired to alight from the car near the courthouse in Lincoln. Hawkins gave the signal to stop, and at the usual stopping place immediately east of the courthouse the car either stopped or nearly so. Plaintiff and Hawkins arose from their seats, and, while standing, asked for and received transfers from the conductor. Hawkins received his transfer and alighted from the car. Plaintiff then received his transfer, walked to the east side of the car, stepped upon the foot board or platform, then fell upon the pavement, receiving the in-

jury complained of. The plaintiff testified that the car had stopped; and, while he was about to alight, it started with a sudden jerk, throwing him violently upon the pavement. His testimony as to the car stopping was corroborated by one of the defendant's witnesses. Other witnesses testified that the car had not stopped, but that it was greatly reduced in speed, and was moving very slowly when the plaintiff alighted therefrom; that the plaintiff stepped from the car, facing the rear, or, in other words, stepped off backwards. There was also testimony that the car had moved from 20 to 30 feet from the place where Hawkins alighted to the place where plaintiff alighted.

The place of accident was about one-third of a mile from the O street junction, where the plaintiff and Hawkins would each be required to board the car to which he had received a transfer. Defendant contends that the fact that the plaintiff had asked for and received a transfer ticket amounted to a notice to defendant that the plaintiff did not intend to alight from the car until he reached the junction point. The testimony of the defendant's conductor is to the effect that, after issuing the transfer, he saw all of plaintiff's movements up to and including the injury; that he had no knowledge that the plaintiff and Hawkins were traveling companions, nor that the plaintiff had occasion to stop at the courthouse. The facts that the defendant's conductor saw the plaintiff walk to the exit side of the car immediately after receiving the transfer, and the plaintiff's conduct in arising and following Hawkins, it seems would challenge the conductor's attention to the plaintiff's probable intention to alight. On the other hand, there is some merit in the defendant's argument that the facts regarding the issuance of the transfer ticket would justify the conductor in believing that the plaintiff did not intend to leave the car until the junction point was reached. Such, however, defendant cannot contend was always the rule, for the conductor had just a moment previous issued a similar transfer to Hawkins, who immediately left the car. After a careful considera-

tion of this question, we consider that we cannot say that, as a matter of law, the fact regarding the issuance of the transfer ticket was sufficient to relieve the defendant from liability for which otherwise it was liable. It has been announced by this court that "when a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury." *Omaha Street R. Co. v. Craig,* 39 Neb. 601. Under this rule, and after a careful consideration of the evidence, we are convinced that there was sufficient evidence introduced by plaintiff to authorize the submission of the case to the jury.

Defendant, however, contends that the evidence clearly shows contributory negligence on the part of the plaintiff. As to this point, it clearly appears that, if the plaintiff's testimony is true (and this was a question for the jury to determine), he was not guilty of contributory negligence as alleged by defendant.

For these reasons and in view of the conflicting testimony as to the manner in which the injury occurred, we recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.